# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY EDWARD DAUBERT, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-14-555-D |
| WARDEN McCOLLUM, | ) ) ) |
| Respondent. | ) |

## **O R D E R**

Petitioner, a state prisoner appearing *pro se*, brought this action for habeas relief pursuant to 28 U.S.C. § 2254. He challenges his conviction in the District Court of Pottawatomie County, Oklahoma on two charged counts of shooting with intent to kill, for which he received two concurrent fifteen-year sentences. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings. On February 25, 2015, the Magistrate Judge filed a Report and Recommendation [Doc. No. 18] in which she recommended the habeas petition be denied. Because Petitioner timely filed an objection, the matter is reviewed *de novo*.

In the Report and Recommendation, the Magistrate Judge set out the background of this matter in detail, including the applicable procedural history, the claims raised by Petitioner, and the trial evidence. In addition, before addressing Petitioner's claims, the Magistrate Judge explained the standard governing habeas review by a federal court. As she noted, habeas relief may be granted only if the state court's adjudication on the merits of a federal claim resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state decision is contrary to clearly established law if the state court applied a rule that "contradicts the governing

law" set forth in Supreme Court decisions, or if the facts presented were "materially indistinguishable" from those considered by the Supreme Court, and the state court "unreasonably applies" the governing legal principle to the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 405–06, 413 (2000). This Court's review is subject to a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, – U.S. – , 131 S.Ct. 1388, 1398 (2011) (citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 786 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

Applying the foregoing standards, the Magistrate Judge considered each of Petitioner's five claims in light of the record, the decision of the Oklahoma Court of Criminal Appeals (OCCA) and the governing legal standards.[1] She considered each issue in detail, and applied the correct analysis of the facts and law as to the claims raised. Having done so, she concluded that Petitioner had failed to show a right to habeas relief on any of the five claims asserted and she recommended denying Petitioner's motion for an evidentiary hearing [Doc. No. 15] as moot.

---

[1]Petitioner raised the following five claims for relief: (1) the evidence was insufficient to support his conviction because the state did not prove beyond a reasonable doubt that Petitioner did not act in self defense; (2) the evidence was insufficient to support his conviction because the state did not prove beyond a reasonable doubt that Petitioner had the requisite intent to kill; (3) Petitioner's waiver of a jury trial was not knowingly and intelligently entered; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel. The Magistrate Judge reached the merits of claims one, two and five. She found claims three and four were procedurally barred.

The Court has reviewed the Report and Recommendation in light of the record presented. The Court has also reviewed Petitioner's arguments and his objection to the Report and Recommendation. Having conducted a *de novo* review, the Court concludes the Magistrate Judge correctly determined that Petitioner has not shown a basis for habeas relief. The Court cannot add further meaningful analysis to that already set forth by the Magistrate Judge.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 18] is ADOPTED as though fully set forth herein, and habeas relief is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for evidentiary hearing [Doc. No. 15], motion for appointment of counsel [Doc. No. 20] and motion for leave to amend [Doc. No. 21] are denied as moot.

A separate judgment shall be entered.

IT IS SO ORDERED this 22nd day of April, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE